**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**NEVADA ARTERBERRY,**                                                           **PLAINTIFF,**

**VS.**                                                              **CIVIL ACTION NO. 1:05CV064-P-D**

**UNITED STATES OF AMERICA,**                                **DEFENDANT.**

**FINAL JUDGMENT**

This matter comes before the court upon the United States of America's Motion to Dismiss or, in the Alternative, for Summary Judgment [12-1]. Upon due consideration of the motion the court finds as follows, to-wit:

The instant motion was filed on April 21, 2005. The plaintiff, acting *pro se*, has never filed a response to the motion filed some seven months ago, nor has she asked for additional time to file a response or for additional instructions. Local Rule 7.2(c)(3) requires a party to notify the court if it intends not to respond. Local Rule 7.2(c)(2) allows the court to grant a motion to which no response was filed.

Having reviewed the affidavit of Linda K. Crump, the court construes the instant motion as one for summary judgment under Federal Rule of Civil Procedure 56. Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 3l7, 323 (l986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that

1

properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, *supra*, at 322.

The plaintiff filed the present case in Justice Court of Choctaw County, Mississippi on February 11, 2005. The Government removed the case to federal court on March 2, 2005. The plaintiff named as the defendant Doug Atkinson, a rural letter carrier and employee of the U.S. Postal Service, alleging that Atkinson absconded with $161.25 she had given him for a postal money order. Atkinson avers that he gave the money to the plaintiff's grandson after she sent him to ask for the money back from Atkinson due to the plaintiff's change of mind.

Since the United States of America is the only proper defendant in this action, the applicable statute is the Federal Tort Claims Act (FTCA). This act is the exclusive remedy for alleged injuries resulting from any alleged negligence or wrongful act or omission by a federal agency or employee of the government acting within the scope of his office or employment. 28 U.S.C. §§ 2675 and 2679. Before the plaintiff can file suit under the FTCA, she must first present a claim to the appropriate agency and then exhaust all of her administrative remedies. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993). It is undisputed that, according to the affidavit of Linda L. Crump, Senior Paralegal Specialist, National Tort Center for the United States Postal Service, no

administrative claim by the plaintiff has ever been filed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The United States of America's Motion for Summary Judgment [12-1] is **GRANTED** because, even after construing the facts in a light most favorable to the plaintiff, the plaintiff has failed to present a genuine issue of material fact to proceed with her case; therefore,

(2) The plaintiff's claims are **DISMISSED WITH PREJUDICE**; and

(3) This case is **CLOSED**.

**SO ORDERED** this the 30th day of November, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE